IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |
|---|---|
| **AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT** | ) <br> ) Case No.  4:20-MJ-212 <br> ) <br> ) <br> ) <br> ) **[FILED UNDER SEAL]** |

I, Benjamin Carter, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Narcotics Investigator within the Des Moines Vice & Narcotics Control Section and have been so since April 2015.  Prior to my assignment as a Narcotics Investigator, I held police officer positions within the following sections of the Des Moines Police Department: first watch patrol (9pm-7am), airport unit, special assignment - burglary detail, the Summer Enforcement Team, and the Metropolitan Special Tactics and Response Entry Team.  During my law enforcement career, I have participated in numerous investigations involving the unlawful distribution of narcotics in violation of federal and state laws, which led to arrests, convictions of violators, and seizures of narcotics and proceeds gained from illegal activity.  During the course of my duties, I have conducted or participated in physical and electronic surveillance, undercover transactions, the execution of search warrants, debriefing of informants, interviews of witnesses, and reviews of recorded conversations involving drug trafficking activities.  I am a graduate of the twenty-one (21) week Des Moines Police Academy that commenced on December 5, 2008.  I have also attended the



following courses: Highway Drug Investigations for Patrol, CTK-Interview & Interrogation, Writing Search Warrants, Tactical Narcotics Techniques, Physical Surveillance, Basic Clandestine Laboratory Investigations, Reid Technique-Interview & Interrogation, Development, Control & Management of Informants, and Cellular Records Analysis.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not set forth all of my knowledge about this matter.

3. Based on the facts set forth in this affidavit, there is probable cause to believe that BRITTANY LEA SMITH has committed violations of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 924(c).

**PROBABLE CAUSE**

ANONYMOUS COMPLAINTS

4. On April 13, 2020, Crime Stoppers of Central Iowa received an anonymous complaint concerning Brittany Lea SMITH. The complainant advised that "Brittany Smith" was a wanted fugitive, who was living in the apartments behind Walgreens on E. Euclid, in a specific apartment. The complainant further advised that SMITH was driving a white Lincoln and "selling pounds of dope." The complainant further advised SMITH was selling methamphetamine and carried a gun on her person.

5.      On April 24, 2020, Crime Stoppers of Central Iowa received another anonymous complaint concerning SMITH. It is unknown whether this is the same complainant as April 13. The complainant advised SMITH was selling heroin out of her apartment, located at the Eastview Apartments, behind Hy-Vee on Euclid. This complainant also specified an apartment number. The complainant specified that s/he had seen SMITH with a pink, .380 caliber gun.

6.      On April 24, 2020, Des Moines Police Narcotics Investigator Ben Carter verified much of the information in the complaints. He verified that SMITH has a white, 2003 Lincoln automobile registered in her name at the Eastview Apartment complex, which is located approximately two blocks north of E. Euclid Avenue in Des Moines, behind both a Hy-Vee and a Walgreens.

7.      On April 24, 2020, Inv. Carter believed he verified that SMITH has an outstanding arrest warrant, as indicated in the Crime Stoppers complaint. Inv. Carter ran "Brittany Smith" through NCIC and received a notification that she had an outstanding arrest warrant for statewide pickup out of Waterloo. It listed a Des Moines address (not the address identified herein).[1]

### SMITH'S POSSESSION OF DRUGS, CASH, GUN

8.      On April 27, 2020, Inv. Carter went to approach SMITH, to execute what he believed to be an outstanding arrest warrant and to attempt to interview her

---

[1] After SMITH's arrest, detailed below, Inv. Carter attempted to further verify the arrest warrant based on the date of birth and full name SMITH provided. At that time, Inv. Carter discovered that the outstanding arrest warrant pertained to a different "Brittany Smith," with a similar physical description and last known residential address in Des Moines. In sum, Inv. Carter reasonably, mistakenly believed based on information known to him that SMITH had an outstanding arrest warrant.

reference the Crime Stoppers complaints. Inv. Carter located SMITH outside the Eastview Apartment complex. As Inv. Carter approached her, he advised that she was under arrest.

9. At that point, SMITH turned away and tried to run toward her apartment building. Inv. Carter attempted to physically restrain her, but SMITH reached into a bag on her person and pulled out a plastic bag (later confirmed to contain approximately 85 grams of a substance that field-tested positive for methamphetamine). SMITH attempted to tear open the bag of methamphetamine, before Inv. Carter removed it from her. She again then tried to reach bag into the bag on her person, but Inv. Carter was able to prevent her from doing so. SMITH repeatedly fought and scratched Inv. Carter, drawing blood and inflicting injuries over his body. Inv. Carter eventually subdued her, placed her in handcuffs, and called for assistance.

10. A search of the items SMITH had on her person revealed a pink, loaded Ruger, LCP .380 caliber gun in her bag (S/N: 371373880). She also had approximately $21,913 in cash and a digital scale. In my training and experience, I know the quantity of methamphetamine recovered, the digital scale, and this amount of cash to be consistent with the distribution and sale of methamphetamine.

11. In my training and experience, I know that it is common for drug dealers to possess firearms to protect their drugs, drug proceeds or other assets, and themselves. I know that robberies of drug dealers are common in the drug world, with limited recourse for the drug dealer if they are robbed. Drug dealers are unlikely

to go to the police and, as a result, protect themselves and their assets with firearms. SMITH's possession of a loaded handgun on her person, while also in possession of methamphetamine and over $20,000 in cash, is consistent with this practice.

## CONCLUSION

12. Based on the facts set forth in this affidavit, there is probable cause to believe that BRITTANY LEA SMITH has committed violations of Title 21, United States Code, Section 841(a)(1), (b)(1)(B) and Title 18, United States Code, Section 924(c).

I further state and declare that all of the statements and information contained herein are true and correct to the best of my knowledge, information, and belief.

_____
Benjamin Carter, Narcotics Investigator
Des Moines Police Department

Subscribed and sworn to before me this 28th day of April, by reliable electronic means.

_____
Celeste F. Bremer
United States Magistrate Judge